UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDREA WALKER<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC a Georgia Limited Liability Company and FENTON & MCGARVEY LAW FIRM, P.S.C.<br><br>Defendants. | CIVIL ACTION 3:16-cv-00360<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, DEANDREA WALKER ("Walker"), by and through her attorneys, Sulaiman Law Group, Ltd. and Law Offices of Mueller & Haller LLC, complaining of the Defendants, JEFFERSON CAPITAL SYSTEMS, LLC ("Jefferson") and FENTON & MCGARVEY LAW FIRM, P.S.C. ("Fenton"), (collectively referred to as "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Walker brings this action as a consumer to secure redress for unlawful collection practices engaged in by Defendants. Walker alleges Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and Jefferson's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 et seq. ("ICFA").

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 28 U.S.C. §§1331, 1337,

as this action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendants conduct business in the Southern District of Illinois and Defendants' collection communications and practices impacted Walker within the Southern District of Illinois.

## PARTIES

4. Walker is natural person residing in the Southern District of Illinois.

5. Walker is a "consumer" as defined under 15 U.S.C. §1692a(3).

6. At all times relevant to this action, Jefferson was engaged as a collection agency with its principal office located at 16 McLeland Road, St. Cloud, Minnesota 56303 and its registered agent in Illinois is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. Jefferson is a "debt collector" as defined under 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed to a third party.

8. At all times relevant to this complaint, Jefferson was collecting on a consumer debt as defined under 15 U.S.C. §1692a(5).

9. At all times relevant to the action, the Defendant, Fenton was a Kentucky law firm with its principal place of business located at 2401 Stanley Gault Parkway, Louisville, Kentucky 40223. Fenton represents third-party debt purchasers that are in the business of purchasing and collecting debts.

10. At All times relevant to the action, Fenton was not licensed to practice law in the State of Illinois.

11. At all times relevant, Fenton was not licensed as a collection agency in the State of Illinois.

12. At all times relevant to this complaint, Fenton was collecting on a consumer debt as defined under 15 U.S.C. §1692 a(5).

## FACTS SUPPORTING CAUSES OF ACTION

13. On October 7, 2014, Walker filed a Chapter 7 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 14-31670, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

14. Walker listed a pre-petition unsecured debt ("subject debt") owed to Gettington.com in the amount of $537.74 with notice to Gettington. *See* Exhibit B, a true and correct copy of Schedule F filed with Walker's Bankruptcy Petition.

15. Because Plaintiff listed Gettington as a creditor, the Bankruptcy Noticing Center ("BNC") sent Gettington notice of the bankruptcy filing. *See* Exhibit C, a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the notice of bankruptcy filing upon Gettington.

16. Upon information and belief, Gettington submitted the subject debt to Jefferson for collections after the bankruptcy filing.

17. On January 26, 2015, Walker was granted a discharge of all debts included in her bankruptcy case filing and the BNC sent notice of the discharge to all scheduled creditors, including Gettington. *See* Exhibit D, a true and correct copy of the discharge order and BNC notice of discharge.

18. On March 31, 2015, Fenton sent Walker a collection letter in reference to the subject debt which stated:

> "Please be advised that Fenton & McGarvey Law Firm, P.S.C. has been retained by Jefferson Capital Systems LLC to collect its account with you. Your balance, as of the date of this letter, is $546.66...This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose."

*See* Exhibit E, a true and correct copy of Fenton's March 31, 2015 payment demand sent to Walker.

19. Fenton's letter also stated:

> "At this time no attorney with this firm has personally reviewed the particular circumstances of your account." *Id.*

20. Fenton's letter listed a link to pay the subject debt online. *Id.*

21. Fenton's letter was highly deceptive because the subject debt no longer owed at the time the letter was sent.

22. Walker was highly confused and upset by the demand for payment as she believed her bankruptcy filing prohibited such a payment demand.

23. Concerned about the violations of her rights and protections, Walker sought the assistance of counsel to ensure that Defendants' collection efforts ceased.

24. Walker has expended time, incurring costs consulting with her attorneys as a result of Defendants' deceptive collection actions.

25. Walker was unduly inconvenienced and harassed by Defendants' unlawful attempt to collect the subject debt.

## COUNT I -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST FENTON)

26. Walker repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Fenton violated 15 U.S.C. §§1692e(2), e(10), f, and f(1) through its debt collection efforts of a consumer debt.

28. Fenton violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Fenton demanded payment of the subject debt by virtue of the discharge injunction.

29. Fenton violated 15 U.S.C. §1692e(2) by sending the collection letter on law firm letterhead, giving Walker the impression that Fenton can file a lawsuit against Walker to recover the subject debt, when in fact, the debt was discharged in her bankruptcy.

30. Similarly, Fenton violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demand as the subject debt was not owed by virtue of the discharge injunction.

31. Fenton violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt because the subject debt was no longer owed at the time Fenton demanded payment on behalf of Jefferson.

32. It was unfair and deceptive for Fenton to attempt to collect the subject debt from Walker.

33. The underlying subject debt was scheduled in Walker's bankruptcy and was accounted for in her discharge injunction. Fenton had no legal right to attempt to collect the subject debt from Walker.

34. Fenton failed to meaningfully review the file prior to attempting to collect on the subject debt.

35. Furthermore, Fenton violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law. Walker had no obligation to pay the subject debt.

36. Fenton has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

37. As pled above, Walker has suffered damages as a result of Fenton's unlawful collection practices.

WHEREFORE, Plaintiff, DEANDREA WALKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. awarding Walker statutory damages of $1,000 as prescribed by the FDCPA;

   c. awarding Walker costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

   d. awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
(AGAINST JEFFERSON)

38. Walker repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

39. Jefferson violated 15 U.S.C. §§1692e(2), e(10), f, and f(1) through its debt collection efforts of a consumer debt.

40. Fenton violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Jefferson demanded payment of the subject debt by virtue of the discharge injunction.

41. Jefferson violated 15 U.S.C. §1692e(2) by instructing Fenton to send the collection letter on a law firm letterhead, giving Walker the impression that Fenton can file a lawsuit against Walker to recover the subject debt, when in fact, the debt was discharged in her bankruptcy.

6

42. Similarly, Jefferson violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demand as the subject debt was not owed by virtue of the discharge injunction.

43. Jefferson violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt because the subject debt was no longer owed at the time Fenton demanded payment on behalf of Jefferson.

44. It was unfair and deceptive for Jefferson to attempt to collect the subject debt from Walker.

45. The underlying subject debt was scheduled in Walker's bankruptcy and was accounted for in her discharge injunction. Jefferson had no legal right to attempt to collect the subject debt from Walker.

46. Furthermore, Jefferson violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law. Walker had no obligation to pay the subject debt.

47. Jefferson has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

48. As pled above, Walker has suffered damages as a result of Jefferson's unlawful collection practices.

WHEREFORE, Plaintiff, DEANDREA WALKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. awarding Walker statutory damages of $1,000 as prescribed by the FDCPA;

    c. awarding Walker costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

d.  awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III --VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
(AGAINST JEFFERSON)

49. Walker restates and realleges paragraphs 1 through 22 as though fully set forth herein.

50. Jefferson violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect an otherwise extinguished debt from Walker.

51. Walker is a "person" as defined in ICFA, 815 ILCS 505/1(c).

52. Jefferson is engaged in "commerce" as defined in ICFA, 815 ILCS 505/1(f).

53. Jefferson is engaged in commerce in the State of Illinois with regard to Walker and the subject debt. Jefferson's activities are within the stream of commerce and are utilized in its regular course of business.

**a. Unfairness**

54. It was unfair for Jefferson to seek to collect a debt from Walker through the misleading payment demand. Jefferson was prohibited from collecting the subject debt by virtue of Walker's bankruptcy discharge.

55. It was unfair for Jefferson to attempt to induce Walker into paying the subject debt by sending the payment demand.

56. Jefferson intended that Walker rely on its unfair acts.

**b. Deception**

57. Jefferson's demand for payment on the subject debt represents the use of deception, fraud, and false pretense in an attempt to collect a debt that was not collectable at the time the

demand for payment was made by Fenton on behalf of Jefferson because the subject debt was scheduled in Walker's bankruptcy and discharged in her bankruptcy.

58. It is inherently deceptive and oppressive for Jefferson to induce Walker into paying a debt that was no longer owed by virtue of the discharge injunction.

59. Jefferson intended that Walker rely on its unfair misrepresentations and deception in its efforts to induce Walker in paying a debt that was no longer owed.

60. Walker relied upon Jefferson's false and misleading information.

61. Walker was harmed by being forced to spend time and money to consult with her attorneys regarding the effect of her bankruptcy filing.

62. Jefferson bullied Walker, an unsophisticated consumer, with unfair and deceptive conduct through lies, harassment, and deception regarding the collectability of the subject debt.

63. Upon information and belief, Jefferson regularly attempts to collect debts, which are no longer owed by virtue of the United States Bankruptcy Code, from Illinois Consumers.

64. As such, Walker is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, DEANDREA WALKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

  b. awarding Walker actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

  c. awarding Walker costs and reasonable attorney fees;

  d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 30, 2016                    Respectfully Submitted,

/s/ Penelope N. Bach
Penelope N. Bach, Esq. ARDC# 6284657
James J. Haller, Esq. ARDC# 6226796
Counsels for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630) 575-8181
Fax: (630) 575-8188


/s/ Rachel Hill
Rachel Hill, Esq. Missouri Bar # 51818
Attorney for Plaintiff
5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000